In the Matter of the Judicial Settlement of the Account of Proceedings of NELLA F. HAYNES and EDWARD MEISE, Executors, etc., of MAY VICTORIA GODFREY, Deceased. SARA GODFREY KRAPF, Appellant; NELLA F. HAYNES and EDWARD MEISE, as Executors, etc., of MAY VICTORIA GODFREY, Deceased, and MICHAEL THOMPSON, as Special Guardian for SARA GODFREY KRAPF, etc., Respondents.— Decree of the Surrogate's Court, Richmond County, directing executors to purchase an annuity for the use and benefit of the appellant in any insurance company under the jurisdiction of the Insurance Department of the State of New York that will sell such an annuity to them, whereas the provision in the will under review directed purchase of an annuity from a specifically named insurance company which has declined an application therefor, in so far as appealed from, unanimously affirmed, with costs to the respondents, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

In the Matter of the Petition of BURTON W. JAMES to Obtain Order Construing the Last Will and Testament of FREDERICK K. JAMES, Deceased. PUTNAM COUNTY NATIONAL BANK OF CARMEL and JULIA WEBBER, Executors, etc., of FREDERICK K. JAMES, Deceased, Appellants; JAMES DEMPSEY and Others, Attorneys, Respondents.— Order of the Surrogate's Court of Putnam County granting an allowance to an unsuccessful party in the above-entitled proceeding to construe a will, and directing the allowance to be paid to said party's attorneys, pursuant to section 278 of the Surrogate's Court Act, affirmed, with ten dollars costs and disbursements to the respondents, payable out of the estate. The discretion vested in the surrogate to grant such allowance is not confined to cases where the party requesting the allowance has been successful in the construction proceeding, or where the estate has benefited financially. Although such matters may be proper factors motivating the exercise of the surrogate's discretion in granting an allowance in a given case, their nonexistence will not preclude an allowance. A party instituting a construction proceeding, in good faith, to resolve a justifiable doubt, caused by the language employed in the will, as to the testator's intent, may be compensated out of the estate for his expenses, although he be unsuccessful in the proceeding, and an allowance to him in a reasonable amount is not an abuse of the discretion vested in the surrogate. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

In the Matter of the Probate of the Last Will and Testament of MARY E. JONES, Deceased. ROSALIE G. JONES, as Executrix and Trustee, etc., of MARY E. JONES, Deceased, Appellant; HELENE LUCAS WOOD and CITY BANK FARMERS TRUST COMPANY, as Administrators, etc., of PHILIP LIVINGSTON JONES, Deceased, and Others, Respondents.— Appeal from order of Surrogate's Court of Nassau County, in so far as it appoints a successor trustee under the will of decedent. Order, in so far as appealed from, unanimously affirmed, with costs to each of the respondents filing briefs, payable out of the estate. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.